OPINION
Cynthia H. McNamee, former wife of Michael P. McNamee, appeals from adverse rulings on Michael's "Motion for Interpretation of Separation Agreement" and her "Motion for Contempt." She asserts two assignments of error:
 1. APPELLEE IS IN CONTEMPT OF COURT BECAUSE THE CONTESTED PROVISION OF THE SEPARATION AGREEMENT ENTERED INTO BY THE PARTIES PLAINLY STATES THAT APPELLEE SHALL NOT TAKE ANY ACTION TO DIMINISH OR DIVERT THE VALUE OF HIS INTEREST IN A DEVELOPMENT PROPERTY AND APPELLEE SO DIVERTED HIS INTEREST THEREIN.
 2. APPELLEE IS IN CONTEMPT OF COURT FOR NONPAYMENT OF MONIES OWED TO APPELLANT BECAUSE APPLICATION OF FUNDAMENTAL PRINCIPLES OF CONTRACT CONSTRUCTION ESTABLISH THAT THE MONIES ARE DUE TO APPELLANT BASED ON THE INTENT OF THE PARTIES AND IN THE INTEREST OF EQUITY.
The parties executed their separation agreement September 26, 1995, and it was incorporated into their decree of dissolution of October 31, 1995. The provision at issue is as follows:
Kinsey Road Farm
 The Husband is the owner of a two-third (2/3) interest in real property located on Kinsey Road, Xenia, Ohio which is currently undergoing development and more fully described as follows: See Exhibit A, attached hereto and incorporated herein by reference.
 It is expressly agreed by and between the parties that the Husband shall retain said property as his separate property free and clear of any claim of the Wife.
 It is further expressly agreed by and between the parties that in consideration of Husband's retention of said property the Husband, commencing with calendar year 1997, shall pay to the Wife a sum not to exceed Twenty Five Thousand dollars ($25,000.00) as follows; the Husband shall be required to deposit into a bank account established in the Wife's name ten percent (10%) of Husband's share of gross revenues generated from the development of said Kinsey Road real property not to exceed the sum of Five Thousand Dollars ($5,000.00) per year. At such time as said account attains a principle balance of Twenty Five Thousand Dollars ($25,000.00) or at such time as development on the subject property is discontinued and (sic) the Wife shall be entitled to all proceeds on deposit in said account free and clear of any claim of the Husband.
 It is further agreed that Husband shall provide Wife any and all relevant and necessary documentation she may request regarding his interest in order to verify the amount of gross revenue generated from the development. Furthermore, Husband shall not take any action to diminish or divert the value of his interest in said development.
The hearing on the parties' motions established that Michael had acquired a 1/3 interest in the farm in 1989 by way of bequest from his mother, and that he acquired the second 1/3 interest in 1991 or 1992 by purchasing his brother's 1/3 interest. In December of 1995, Michael traded his 2/3 interest in the farm for residential real estate, thereby frustrating Cynthia's expectation of any revenue from the development of the farm.
As a result of the parties' disagreement over whether Michael owed Cynthia anything pursuant to the above quoted provision, Michael moved for interpretation of the provision and Cynthia moved to have Michael found in contempt for his conduct in conveying his interest in the farm and other conduct which is not involved in this appeal. After an evidentiary hearing at which both parties testified, the trial court ruled as follows:
 The Separation Agreement clearly uses the word development, Black's defines development as a human-created change to improved or unimproved real estate, including buildings or other structures, mining, dredging, filing, grading, paving, excavating, and drilling. Using this legal definition, Kinsey Road was not developed by Michael. It was traded for another piece of real estate of comparable value. The Separation Agreement is silent on the effect that a conveyance or sale of the real property would have on Cynthia's interest in the event either situation should occur. When the contract terms are clear, courts should not, in effect, create a new contract by finding an intent not expressed in the clear language by the parties.
 Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635. Pursuant to the contractual terms of the Separation Agreement, Cynthia is not entitled to any compensation under the circumstances and that portion of her contempt motion is OVERRULED.
The trial court found that Cynthia was not entitled to relief because (1) Michael, having conveyed his interest in the farm, was no longer involved in the development of the farm and, therefore, would not receive any revenues from development of the farm; and (2) the agreement was silent as to the effect of Michael's conveyance of the property (and his resultant loss of revenue from the development.)
Cynthia contends that the trial court ignored the last sentence of the provision at issue: ". . . Husband shall not take any action to diminish or divert the value of his interest in said development."
Michael counters that he did nothing to diminish or divert the value of his interest in the farm because he received value of $300,000 for his interest. There seems to be no dispute as to whether $300,000 was a fair exchange for Michael's interest in the farm.
The parties agree that the last sentence is unambiguous. The question thus becomes whether Michael diminished or diverted the value of his interest in the development by swapping it for residential real estate.
We conclude that the answer is yes.
At the outset, we believe Cynthia would have been better served by emphasizing the word "diminish" rather than the word "divert." Having said that, we are unpersuaded that Michael did not "diminish . . . the value of his interest in said development" simply because he received a fair price for it. True, he did not diminish the value of the development in which he had a 2/3 interest. However, when he swapped his interest in the development for residential real estate, he diminished his interest in the development to nothing, and he thus diminished the value of his interest in said development to zero.
Michael's contention that Cynthia's entitlement to compensation is subject to a condition precedent — his entitlement to revenues from "development" of the farm — must fail where his own conduct is the cause of the failure of the alleged condition precedent.
Furthermore, we disagree with Michael, for the reasons expressed above, that the last sentence of the provision was not a restriction on his alienation of his interest in the development. The agreement presumably sought to equitably divide the parties' property. Cynthia had an interest in the farm as a result of the parties' marriage. As consideration for Michael's retaining the farm as his own, free and clear of any claims by her, he agreed that she should receive up to $25,000 from the development of the farm. It is inconceivable that the last sentence served any other purpose than to protect Cynthia's legitimate expectation of eventually receiving up to $25,000, representing her pre-dissolution interest in the farm.
Thus, the trial court erred in implicitly concluding that Michael had not violated the separation agreement as it pertained to the Kinsey Road farm, and that Cynthia was not entitled to any remedy.
The first assignment of error is sustained. The judgment, as it pertains to the Kinsey Road farm, will be reversed, and the matter will be remanded to the trial court for the fashioning of an appropriate remedy.
Having determined that Cynthia is entitled to a remedy, for which this matter will be remanded, we decline to consider the second assignment at this time.
Cynthia claims that the payment schedule in the above quoted provision is ambiguous: does it embrace $40,000-$60,000 in revenues Michael had received prior to the parties' dissolution or only anticipated future revenues?
While we disagree with Michael that this issue was not raised in the trial court, it was raised only in passing during cross-examination of Michael. The issue was not sufficiently developed factually nor was it the subject of any legal argument.
Accordingly, we believe — and counsel for Cynthia conceded at oral argument — the trial court should have the first opportunity to resolve this issue.
The second assignment is overruled as premature.
GRADY, J. and BRYANT, J., concur.
(Hon. Thomas F. Bryant sitting by assignment of the Chief Justice of the Supreme Court of Ohio).